UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**RASHEED AHMAD**,

Plaintiff,

– against –

**THE CITY OF NEW YORK**, **NYPD LIEUTENANT ALEX NULMAN**, **NYPD OFFICER ANTONIO MEYERS**, and **JOHN DOES 1-20** *in their individual and official capacities*,

Defendants.

---------------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

25-CV-6704 (AMD) (LKE)

**ANN M. DONNELLY**, United States District Judge:

On July 23, 2026, Magistrate Judge Laura Eshkenazi issued a report and recommendation in which she recommended that the Court dismiss this action for failure to prosecute. (*ECF Order dated July 23, 2026*.) For the reasons that follow, the Court adopts the report and recommendation in its entirety.

On December 2, 2025, the *pro se* plaintiff filed this case against the City of New York, New York City Police Department ("NYPD") Lieutenant Alex Nulman, NYPD Officer Antonio Meyers, and twenty John Doe NYPD officers "seeking redress for unlawful actions carried out by the [NYPD] under an enforcement initiative known as Operation Ghost Plates." (ECF No. 1.) The plaintiff alleges that he "was subjected to suspicionless traffic stops, militarized force, excessive detention, false arrest, emotional harm, malicious prosecution, and unconstitutional policies constituting both individual and municipal liability." (*Id.* at 1.)

On May 26, 2026, defendant City of New York filed a motion to compel the plaintiff to execute an unsealing release pursuant to N.Y.C.P.L. § 160.50 so that it could investigate the

plaintiff's allegations. (ECF No. 10.) Judge Eshkenazi scheduled an in-person status conference for June 15, 2026 to discuss the motion to compel. (*ECF Scheduling Order dated May 28, 2026*.) The plaintiff did not appear at the status conference. (*See ECF Minute Entry dated June 16, 2026*.) On June 16, Judge Eshkenazi rescheduled the status conference for June 25, 2026, and warned the plaintiff that "the failure to abide by Court orders and to appear at schedule[d] conferences before the Court will result in a recommendation of dismissal of this action for lack of prosecution." (*ECF Scheduling Order dated June 16, 2026*.) When the plaintiff again failed to appear, Judge Eshkenazi warned him that "the continued failure to abide by Court orders will result in a recommendation of dismissal of this action for lack of prosecution." (*ECF Minute Entry dated June 25, 2026*.) On June 25, 2026, Judge Eshkenazi rescheduled the status conference a second time, for July 23, 2026, and once again warned the plaintiff that "the continued failure to abide by Court orders and to appear at the next scheduled conference before the Court . . . will result in a recommendation of dismissal of this action for lack of prosecution." (*ECF Scheduling Order dated June 25, 2026*.)[1] The plaintiff did not appear. (*See ECF Minute Entry dated July 23, 2026*.) Judge Eshkenazi issued a *sua sponte* report and recommendation, in which she recommended that the Court dismiss the case for failure to prosecute. (*ECF Report and Recommendation dated July 23, 2026*.) No party has filed an objection to the report and recommendation and the time for doing so has passed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been

---

[1] Judge Eshkenazi directed the defendants to serve the plaintiff with a copy of this order and to file proof of service on the docket. (*See ECF Scheduling Order dated June 25, 2026*.) The defendants filed proof of service on June 26, 2026. (ECF No. 11.)

made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

The Court has carefully reviewed Judge Eshkenazi's report and recommendation for clear error and finds none. Accordingly, the Court adopts the report and recommendation in its entirety and orders that the complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Gonzalez v. City of New York*, No. 17-CV-1824, 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff and to note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 10, 2026